

TAYLOR MONTGOMERY
**TRIAL ATTORNEY**

October 26, 2022

***Via Electronic Filing***
Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

RE:   Case No. 22-CV-1538 (VSB); *Jason Minter v. Hess Corporation*; In the United
      States District Court for the Southern District of New York

Hon. Judge Broderick,

        We represent Plaintiff Jason Minter ("Plaintiff") in this matter and submit this
letter jointly with counsel for Defendant Hess Corporation ("Defendant").  Plaintiff and
Defendant request that the Court approve the terms of their *Confidential Settlement
Agreement and General Release* effective September 6, 2022 and attached hereto as
**Exhibit A** ("Settlement Agreement").  This letter is intended to comply with this Court's
Order dated August 31, 2022 concerning approval of the parties' settlement of Plaintiff's
claims against Defendant pursuant to the Fair Labor Standards Act ("FLSA") (Dkt. 16)
("Order").

### A.  Our Proposed Settlement Amount is Fair and Reasonable

        As noted in this Court's Order, litigants may not privately settle FLSA claims in
this jurisdiction without approval from a District Court or the Department of Labor.
Additionally, if the parties do not obtain the Department of Labor's approval, the parties
must satisfy the Court that a proposed settlement is fair and reasonable. *Medina v. NYC
Harlem Foods Inc.*, No. 21-CV-1321 (VSB), 2022 WL 1184260, at \*2 (S.D.N.Y. Apr. 21,
2022) (internal citations and quotations omitted).  To determine whether an agreement
is fair and reasonable under the FLSA, the Court must consider the following factors,
among others:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the
> settlement will enable the parties to avoid anticipated burdens and
> expenses in establishing their respective claims and defenses; (3) the
> seriousness of the litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's-length bargaining between
> experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). As detailed below, the Settlement Agreement fully satisfies all five of the *Wolinsky* factors.

Plaintiff worked in North Dakota as a pipeline inspector and alleges that he was paid a day rate rather than being paid for all hours worked, including overtime. (*See* Dkt. 1 ¶¶ 2-4).

Under the first *Wolinsky* factor, the Court is to consider the range of Plaintiff's potential recovery under the FLSA. As a threshold matter, Defendant contends that Plaintiff was not its employee, but was employed by its contractor in North Dakota, Chippewa Resources, Inc. ("Chippewa"). There is *bona fide* dispute concerning whether Plaintiff was employed by Defendant or by Chippewa. If Plaintiff was not employed by Defendant, then he is not entitled to recover from Defendant under the FLSA. Defendant further denies all of Plaintiff's other claims and contends that Plaintiff was properly paid for all hours worked. Given Defendant's defenses, the lower range for Plaintiff's potential recovery is zero.

On the high end of the range, based on calculations made by Plaintiff's counsel, Plaintiff contends that he is owed $19,852.05 in total damages (including both actual and statutory liquidated damages), exclusive of attorney's fees and costs. Such calculation includes hundreds of hours of alleged unpaid overtime between September 29, 2019, through October 3, 2021 and based upon his regular rate each week. Plaintiff's recovery of $20,569.51 under the terms of the Settlement Agreement plus $15,430.49 in attorney's fees and costs represents a recovery of over 100% of Plaintiff's total damages. Considering the unpredictability of litigation, the defenses that Defendant would assert, and the range of potential recovery, the proposed settlement amount of $20,569.51 plus $15,430.49 in attorney's fees and costs reflects a reasonable compromise of contested issues.

Second, by Defendant agreeing to pay and Plaintiff agreeing to accept $36,000.00 in full and final settlement of Plaintiff's claims at a very early stage in this litigation, the parties are avoiding significant burdens and expenses in establishing their respective claims and defenses. For example, Defendant will avoid paying what is likely to be tens-of-thousands-of-dollars in attorney's fees and costs to file an answer, exchange initial disclosures, propound and respond to written discovery, take and defend depositions, prepare and file dispositive and other pretrial motions, etc. Plaintiff will avoid paying court reporter costs, and both parties will benefit from not having to deal with the hassle and business disruption often caused by litigation.

Third, because of the nature of Plaintiff's claims and Defendant's defenses, there is a risk for both parties of an all-or-nothing recovery if litigation continues. The terms of the Settlement Agreement mitigate the risks of continuing litigation and provide both parties certainty and predictability that they would not have otherwise.

Hon. Vernon S. Broderick
October 26, 2022
Page 3 of 4

Fourth, the Settlement Agreement is the product of arm's-length negotiation between experienced counsel. Collectively, Plaintiff's counsel have been the attorneys of record as either lead counsel or co-counsel in over 1,000 class and collective actions, individual cases, and arbitrations seeking damages for unpaid overtime and wages based on allegations that employees worked off-the-clock, were misclassified as exempt or as independent contractors, or were the victims of regular rate and/or technical violations of both state and federal wage laws. Defendant's counsel, Larry Stuart, is a member of the Texas, New York, and California Bars who founded his own law firm after a successful career as a partner at Baker & McKenzie and as the co-director of the labor and employment practice at Legge Farrow. Mr. Stuart is Board Certified in Labor and Employment Law in Texas and has successfully represented clients regarding many individual and collective action overtime claims under the FLSA, including other claims brought by Plaintiff's counsel Rex Burch, Michael Josephson, and Andrew Dunlap. In this case, Plaintiff's counsel and Defendant's counsel have engaged in multiple informal settlement conferences and exchanged relevant documents and information relating to the evaluation of Plaintiff's claims including daily time logs, GPS records, and relevant legal and practical arguments.

Fifth, while several of Plaintiff's attorneys and Defendant's counsel Larry Stuart have worked on cases together (on opposite sides of the docket) in the past, the Settlement Agreement is the product of frank and transparent communications concerning the merits of the claims involved. There is absolutely no fraud or collusion involved in the resolution of the parties' dispute. The parties believe that the terms of the Settlement Agreement are in their best interests.

All of the *Wolinsky* factors have been met, the totality of the circumstances shows that the terms of the Settlement Agreement are fair and reasonable, and the parties therefore ask the Court to issue an order approving their agreement.

**The Attorney's Fees Are Also Reasonable**

As this Court has previously recognized in another FLSA case, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs. *Medina v. NYC Harlem Foods Inc.*, No. 21-CV-1321 (VSB), 2022 WL 1184260, at *2–3 (S.D.N.Y. Apr. 21, 2022) (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020)). The attorney's fee applicant must submit adequate documentation supporting the request. *Id.* (internal quotations omitted). The Second Circuit has described a presumptively "reasonable fee" as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id.* (citing *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (additional internal citation omitted)). A fee may not be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation. *Id.* (citing *Fisher*, 948 F.3d at 602; *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)) (internal quotations omitted).

Hon. Vernon S. Broderick
October 26, 2022
Page 4 of 4

Attached hereto as **Exhibit B** are Josephson Dunlap's contemporaneous documents and records evidencing their work performed on Plaintiff's behalf in this case. All of this work was integral in resolving Plaintiff's claims against Defendant, and such work directly led to the resolution of this case.

As the attached billing records indicate, based on Plaintiff's counsel's reasonable and customary hourly billable rates using these figures: (1) 12 hours expended by a partner at a rate of $450/hour; (2) 42.2 hours expended by a senior associate at a rate of $250/hour; and (3) 8.7 hours expended by a senior paralegal at a rate of $100/hour, the lodestar figure for Plaintiff's attorney's fees is $16,820. Counsel for Plaintiff ask that the Court approve $15,430.49 as a reasonable attorney's fee in this case, which represents forty percent of Plaintiff's total recovery. While this request seeks a significant percentage of the settlement amount, the total amount of money to be received by Plaintiff's lawyers is relatively small and is certainly no more than what is sufficient to induce capable, experienced attorneys to undertake such representation.

The parties respectfully request the Court issue an order approving their Settlement Agreement and, to the extent the Court requires any further detail or briefing, we are ready to provide such additional information.

Sincerely,

*/s/Taylor S. Montgomery*

Taylor Montgomery
tmontgomery@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100

Attorneys for Plaintiff