UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JASON MINTER, :
*individually and for others similarly situated*, :
:
                             Plaintiff, :     22-CV-1538 (VSB)
:
        -against- :     **OPINION & ORDER**
:
:
HESS CORPORATION, :
:
                            Defendant. :
:
------------------------------------------------------------X

Armando A. Ortiz
Dana M. Cimera
Joseph A. Fitapelli
Fitapelli & Schaffer
New York, New York
*Counsel for Plaintiff*

Taylor S. Montgomery
Montgomery Law Firm
Kyle, Texas
*Counsel for Plaintiff*

Laurence E. Stuart
Stuart, P.C.
Houston, Texas
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       On August 31, 2022, after it was reported that the parties had reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case, I directed the parties to submit their settlement agreement for approval. (Doc. 16.) Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence

1

of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). The parties filed their settlement agreement, and a letter in support of that agreement, on October 26, 2022. (Doc. 17 ("Settlement Ltr."); *see also* Doc. 17-1 ("Settlement Agreement").)

While much of the Agreement is legally satisfactory such that I would approve the overall settlement sum of $36,000 as substantively reasonable and achieved through procedurally fair means, I find that the Settlement Agreement is not fair and reasonable because it contains an overly broad release and awards an unreasonably high portion of the settlement to Minter's attorney. Thus, I decline to approve it in its current form.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir.

2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 604 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

II.   **Discussion**

   A.   ***Non-Monetary Provisions***

The Settlement contains a clause, under the heading "Minter's General Release, Claims Not Released, and Related Provisions" ("Release"), stating that "Minter hereby knowingly and voluntarily releases and forever discharges Hess and Chippewa from any and all claims, known or unknown, asserted or unasserted, which Minter has or may have against Hess and/or Chippewa as of the Effective Date of this Agreement, including, without limitation, any alleged violation of: [a list of 16 bases for recovery, including FLSA; Title VII; and a]ny other federal, state, or local law, rule, regulation, or ordinance; [a]ny public policy, contract, tort, or common law; or [a]ny basis for recovering costs, fees, or other expenses including attorneys' fees." (Settlement ¶ 3(a).) This provision is plainly overbroad.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "Indeed, as the Second Circuit has noted, such an 'overbroad release,' like that in *Nights of Cabiria*, 'highlights the potential for abuse in FLSA settlements, and

underscores why judicial approval in the FLSA setting is necessary.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Cheeks*, 796 F.3d at 206) (alteration adopted).

The Release is too broad since it is not limited to the wage and hour claims at issue in this action. Specifically, the Release requires Plaintiff to waive "any and all claims, known or unknown, asserted or unasserted, which Minter has or may have against Hess," and includes a laundry list of federal statutes and a catch-all provision for state-law claims, such that the Release sweeps far beyond the wage and hour claims at issue in this litigation. (Settlement ¶ 3(a).) The parties do not mention this clause in their letter or even attempt to justify it. Thus, "[c]onsistent with the case authority in this area, [I] will not approve a release provision that extends beyond the claims at issue in this action." *Gurung*, 226 F. Supp. 3d at 228 (internal quotation marks omitted).

### B. Attorneys' Fees

Plaintiffs' counsel requests "$15,430,49" in attorneys' fees and costs. (Settlement Agreement ¶ 2(b)(ii); *see also* Doc. 17-2 at 2; Doc. 17-3 ("Josephson Decl.").) This represents approximately 43% of the total recovery in this litigation. "[C]ourts in this District have declined to award fees constituting more than one-third of the total settlement amount in FLSA actions" unless the parties can identify "special circumstances that might justify a fee exceeding the presumptive one-third ceiling." *Gurung*, 226 F. Supp. 3d at 230 (citing *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *3–4 (S.D.N.Y. Dec. 15, 2015) (rejecting fee award representing 39% of total recovery); *Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (same for 37% of total recovery); *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (same for 36% of total recovery); *Thornhill v. CVS Pharmacy, Inc.*, No. 13-CV-5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases)). Although the parties have submitted detailed billing records and an attorney declaration to support the fee request, (*see* Doc. 17-2 at 2; Josephson Decl.),

4

I do not find that these records demonstrate that the work done on this case justifies a fee award more than the standard one-third recovery. Should the parties submit a renewed request for settlement approval, they should present additional evidence and argument in support of their requested attorneys' fees.

### III. Conclusion

For the reasons stated above, I find that the Settlement is not fair and reasonable, and it is REJECTED. The parties may proceed by either:

1. Filing a revised settlement agreement within thirty (30) days of the date of this Opinion & Order along with a new letter that explains why the revised Settlement is fair and reasonable and addresses the other issues identified in this Opinion & Order; or

2. Filing a joint letter within thirty (30) days of the date of this Opinion & Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

_____
Vernon S. Broderick
United States District Judge