UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JASON MINTER, *individually and for others*                :
*similarly situated*,                                      :
                                                           :
                                      Plaintiff,           :        22-CV-1538 (VSB)
                                                           :
                      -against-                            :        **OPINION & ORDER**
                                                           :
                                                           :
HESS CORPORATION,                                          :
                                                           :
                                      Defendant.           :
                                                           :
-----------------------------------------------------------X

Appearances:

Armando A. Ortiz
Dana M. Cimera
Joseph A. Fitapelli
Fitapelli & Schaffer, LLP
New York, New York
*Counsel for Plaintiff*

Taylor S. Montgomery
Josephson Dunlap LLP
Houston, Texas
*Counsel for Plaintiff*

Laurence E. Stuart
Stuart PC
Houston, Texas
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Pursuant to my October 28, 2024 Opinion & Order rejecting the parties' proposed settlement

of Plaintiff's Fair Labor Standards Act ("FLSA") claims, (Doc. 19 ("Op.")), the parties have

submitted a Revised Settlement Agreement, (Doc. 20-1 ("Revised Agreement")), and a supporting

letter, (Doc. 20 ("Second Letter")).  Parties may not privately settle FLSA claims and stipulate to

the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the

1

Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

After reviewing the parties' materials, for the reasons stated below, I find that the Revised Agreement is fair and reasonable. Therefore, the parties' joint motion seeking an order approving the Revised Agreement is GRANTED. The action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

## I.    **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (quoting *Blum v. Stenson*,

2

465 U.S. 886, 895 n.11 (1984) (alteration in original)).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.    Discussion

Before me is the parties' Revised Agreement and Second Letter in support of its approval. Also before me are the parties' First Letter in support of the settlement agreement, (Doc. 17 ("First Letter")), a computation of Plaintiff's damages, (Doc. 17-2 at 3–5 ("Damages Records")), the billing records of Plaintiff's attorneys, (Doc. 17-2 at 2 ("Billing Records")), and a declaration of Plaintiff's attorney Michael A. Josephson, (Doc. 17-3 ("Josephson Decl.")).[1]  Having independently reviewed these materials, I find that the terms of the Revised Agreement are fair, reasonable, and adequate, and therefore approve it.

### A.    *Revised Agreement*

First, I consider the settlement amount provided for in the Revised Agreement.  To assess the fairness of the settlement amount, courts in this Circuit compare the settlement amount to the plaintiff's "maximum possible recovery" had the plaintiff prevailed on his or her FLSA claims at trial.  *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021) (internal citations omitted).

---

[1] Mr. Josephson did not file a Notice of Appearance on behalf of Plaintiff.  I note, however, that Mr. Josephson is a partner at Josephson Dunlap LLP, the firm where Taylor Montgomery practices.  (*See* Doc. 14.)  Mr. Montgomery did file a Notice of Appearance on behalf of Plaintiff, which also notes that the firm Josephson Dunlap LLP are "Attorneys for Plaintiffs."  (*Id.*)  Nonetheless, Mr. Josephson states that he has "been personally involved in the litigation against Defendant Hess Corporation since its inception."  (Josephson Decl. ¶ 7.)

3

Here, the Revised Agreement provides for a total settlement amount of $36,000, comprising $23,313.01 in compensation to Minter, $11,656.50 to Minter's attorneys for their fees, and $1,030.49 to Minter's attorneys in costs. (Revised Agreement § 2.b–c.)[2] The parties' Damages Records—calculated using GPS data of Plaintiff's actual time at work—show that Plaintiff is entitled to $19,852.05 of unpaid overtime. (*See* Damages Records.) Because the FLSA provides for compensatory damages of "unpaid overtime compensation" and "an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), Plaintiff's total potential recovery is $39,704.10. Thus, the settlement amount for Plaintiff's FLSA claim is 58.72% of the total potential recovery. Courts regularly approve FLSA settlement amounts that represent smaller proportions of the total potential recovery. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement amount of 39% of the plaintiff's total potential recovery and collecting cases approving settlements between 12.5% and 43% of the plaintiff's total potential recovery). Moreover, I previously indicated that "I would approve the overall settlement sum of $36,000 as substantively reasonable and achieved through procedurally fair means," although I had issue with the initially proposed settlement agreement's "overly broad release" and the award of an "unreasonably high portion of the settlement" to Plaintiff's attorney, I do not see a reason for me to revisit this finding regarding the overall settlement sum of $36,000. (Op. 2.)

The remaining provisions of the Revised Agreement support the finding that it is fair and reasonable. I rejected the previous agreement because it contained an overbroad release clause encompassing any claim that Minter could potentially bring against Defendant Hess. (*See* Op. 3–5.) The Revised Agreement, however, contains a release that applies only to "the wage and hour claims

---

[2] Defendant remitted payment in October 2022 in accordance with the terms of the parties' original settlement agreement, which I rejected, in part, because it provided for excessive attorneys' fees. (*See* Op. 4–5; Revised Agreement § 2.c.) The Revised Agreement provides that Plaintiff's attorneys will remit $2,743.50 to Plaintiff to reduce the amount of attorneys' fees that Plaintiff's counsel will ultimately receive. (Revised Agreement § 2.c.)

4

asserted in the Lawsuit." (Revised Agreement § 3.) This type of narrowly-tailored release is appropriate in the FLSA context. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). Additionally, the parties achieved settlement in the pre-answer stage of the case, thus avoiding the costs and risks associated with protracted litigation. (*See* First Letter 2.) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement; rather, Plaintiff was represented by experienced counsel and received a favorable outcome. (*See* First Letter 3; Josephson Decl. ¶¶ 3–8.)

Thus, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the Revised Agreement appears to be a fair and reasonable resolution of this dispute.

### B.    *Attorneys' Fees*

As the settlement includes a provision for attorneys' fees, I must "evaluate the reasonableness of the fees and costs" requested. *Fisher*, 948 F.3d at 600. A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation "creates a 'presumptively reasonable fee'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017

5

WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases).

As discussed, the Revised Agreement provides that Minter's attorneys will receive $11,656.50 in fees and $1,030.49 in costs. (Revised Agreement § 2.b–c.) With regard to the $1,030.49 in costs, Plaintiff's counsel represents that this amount accounts for "Court costs and filing fees, photocopying and duplication, postage, FedEx, and other delivery fees, travel expenses, mediation costs, Pacer charges, and legal research." (Josephson Dec. ¶ 10.) I find that these are "the sort of 'reasonable out-of-pocket expenses' that attorneys would 'ordinarily charge to their clients,'" and therefore approve this request. *Trinidad v. 62 Realty, LLC*, No. 22-CV-101, 2023 WL 6850126, at *9 (S.D.N.Y. Oct. 17, 2023), *report and recommendation adopted in relevant part*, 2023 WL 8005778 (S.D.N.Y. Nov. 17, 2023) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)) (cleaned up).

Turning to attorneys' fees, the $11,656.50 requested represents approximately one-third the total settlement amount. The billing records submitted in this case document that Plaintiff's attorneys spent a total of 62.9 hours in this case: 12 partner hours at $450 per hour; 42.2 senior-associate hours at $250 per hour; and 8.7 paralegal hours at $100 per hour. (Billing Records; Josephson Decl. ¶ 9.) This figures to a total of $16,820. (*Id.*) The attorneys and paralegals spent time on at least the following activities: prelitigation investigation, developing the case strategy, drafting the operative pleading, exchanging informal discovery, calculating Plaintiff's damages, and negotiating the settlement. (*See* Billing Records.)

I find that the fee award in the Revised Agreement is reasonable. Awards representing one-third of the plaintiff's total recovery are routinely approved in this District. *Pinzon v. Jony Food Corp.*, No. 18-CV-105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015))). Although one-third recovery amount is less than the lodestar amount, the billing rates and hours worked similarly fall within the range of permissible FLSA fee awards. *Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2024 WL 3730569, at *3 (S.D.N.Y. Aug. 6, 2024) (collecting cases and noting that "[c]ourts in this district have approved hourly rates for partners of $600 per hour in FLSA [] suits"); *Kim v. J&J Safetymate Corp.*, No. 22-CV-1070, 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) ("[T]he current forum rates in the Eastern District of New York, which were recently adjusted for inflation, are $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals." (internal quotation marks omitted)).

Based on this analysis, I find the Revised Agreement's cost and fee award to be fair and reasonable.

### III.    Conclusion

For the foregoing reasons, I find the Revised Agreement, including the cost and fee provisions, to be fair and reasonable. Accordingly, the Revised Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement. *See Barbecho v. Matrat LLC*, No. 15-CV-00170, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

8

Dated:       June 12, 2026
            New York, New York

Vernon S. Broderick
United States District Judge